**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| ERNEST JOE COX, § | | |
| § | | |
| *Plaintiff*, § | | Civil Action No. _____ |
| § | | |
| v. § | | JURY DEMANDED |
| § | | |
| SHUT UP AND LAUGH PUBLISHING, LLC; § | | |
| and JENNIFER HANEY; § | | |
| § | | |
| *Defendants*. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COMES, Plaintiff ERNEST JOE COX, complaining of Defendants SHUT UP AND LAUGH PUBLISHING, LLC, and JENNIFER HANEY in this his Plaintiff's Original Complaint and for cause of action would respectfully show unto the Court as follows, to-wit:

**I. PARTIES**

1.  Ernest Joe Cox (hereinafter "**Plaintiff**") is a natural person and resident of the State of Texas.

2.  Shut Up And Laugh Publishing, LLC, (hereinafter "**Defendant SULP**") is a professional limited liability company existing under the laws of the State of Texas, having its principal place of business at 306 W Main St., Arlington, Texas 76010, and may be served by delivering a copy of the Summons and Complaint to an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process. Alternatively, Defendant SULP may be served with process by servicing its registered agent Jennifer Haney at 4024 Park Square Dr., #92, Arlington, Texas 76013 or at 4101 SW Loop 820 #111, Fort Worth,

Texas 76132. Additionally, Defendant SULP may be served through the Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711.

3.  Jennifer Haney (hereinafter "**Defendant Haney**") is a natural person and resident of the State of Texas and may be served with summons at her place of residence located at 4024 Park Square Dr., #92, Arlington, Texas 76013.

## II.  NOTICE OF ACTION TO THE UNITED STATES

4.  Pursuant to 17 U.S.C. § 411(a) and 37 CFR 205.13, notice of the institution of this action and a copy of this Complaint is being served upon the Register of Copyrights by sending such documents to the General Counsel of the Copyright Office via email to 411filings@copyright.gov.

5.  Pursuant to 37 CFR 205.13 and Fed.R.Civ.P 4(i), notice of the institution of this action and a copy of this Complaint is being served upon the United States attorney for the Northern District of Texas, Fort Worth Division, by sending a copy of such documents via certified mail to the civil-process clerk at United States District Court, 501 West 10th Street, Room 310, Fort Worth, Texas 76102.

6.  Pursuant to 37 CFR 205.13 and Fed.R.Civ.P 4(i), notice of the institution of this action and a copy of this Complaint is being served upon the Attorney General of the United States by sending a copy of such documents via certified mail to the United States Department of Justice, Room 4400, Attn: Director of Intellectual Property Staff, Civil Division, Department of Justice, 950 Pennsylvania Avenue NW, Washington DC 20530.

## III.  JURISDICTION

7.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et. seq.* The United

States District Court for the Northern District of Texas has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).  The Court has supplemental/pendent jurisdiction over any claim arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) when such claim(s) arise out of the same operative facts as the federal claim(s).  This Court has personal jurisdiction over Defendant SULP and Defendant Haney (collectively "**Defendants**") because each either reside or have its principal place of business in this district.  Personal jurisdiction is also proper over each because each sells goods and services, and otherwise conducts business, in Texas, including in this judicial district.

## IV. VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because each Defendant resides within this district and transact business within this district.  In addition, Plaintiff has suffered harm in this district and a substantial part of the events or omissions giving rise to the claim(s) asserted herein occurred in this district.

## V. AGENCY & RESPONDEAT SUPERIOR

9. Whenever in this Complaint it is alleged that a Defendant did, or failed to do, any act, thing and/or omission, it is meant that such Defendant itself/himself/herself or its/his/her agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of such Defendant, and/or done in the normal routine, course and scope of the agency or employment of such Defendant or its/his/her agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of such Defendant.

## VI.  FACTS COMMON TO ALL CLAIMS

10. In or about the year 2013, using pen and paper, Plaintiff wrote a fictional short story entitled "Cat Man Do" a/k/a "Little Buddy" (hereinafter "**Cat Man Do**" or "**manuscript**") about the life of an anthropomorphic feral cat.

11. Cat Man Do is a nonfiction literary work that was authored by Plaintiff and comprises originality and creativity.

12. Plaintiff possesses and owns the copyright in Cat Man Do.

13. Defendant Haney is Plaintiff's niece.

14. Upon information and belief, in the year 2009, Defendant SULP was formed in the State of Texas.

15. Upon information and belief, Defendant Haney was instrumental in forming Defendant SULP.

16. On information and belief, Defendant Haney is both a member and officer of Defendant SULP.

17. Defendant SULP is a publishing company.

18. On or about the year 2013, Plaintiff and Defendants entered into a contract whereby Plaintiff agreed to permit Defendant Haney, through her company, Defendant SULP, to publish Cat Man Do in exchange for fifty percent (50%) of the royalties received therefrom as well as fifty percent (50%) of the royalties received from all merchandise sold in connection therewith.

19. For reasons unassociated with Plaintiff, Defendants did not publish Cat Man Do and/or a derivative work thereof until the year 2022.

20. In the year 2022, Defendants published Cat Man Do and/or a derivative work thereof. More specifically Defendants published Cat Man Do and/or a derivative work thereof by publishing, distributing and selling a book entitled "Katmandoo The Story of Little Buddy as Told by Little Buddy" (hereinafter "**infringing work**") in electronic form (E-book) and in paperback form. A channel that Defendants has used to sell the infringing work has been through Defendant SULP's website www.shutupandlaughpublishing.com. *See* Exhibits A and B attached hereto.

21. Defendants' credit Plaintiff as the author of the infringing work. *Id*.

22. Furthermore, in the year 2022, Defendants began selling merchandise in connection with Cat Man Do and/or a derivative work thereof (hereinafter "**derivative goods**"). At least through Defendant SULP's website, Defendants have sold various goods based off of Cat Man Do and/or a derivative work thereof, such as a "Katmandoo T-shirt," which is a t-shirt with a drawing thereon of a character from Can Man Do and/or a derivative work therefrom. *Id*.

23. At no time heretofore has Defendants provided to Plaintiff any monies (i.e., royalties) from the infringing work or from the derivative goods.

24. Defendants did reproduce and distribute and are reproducing and distributing copies of Cat Man Do and/or a derivative work therefrom for profit in violation of Plaintiff's copyright in such work and in breach of contract.

25. Through its past and current reproduction and distribution of the infringing work, Defendants are infringing upon Plaintiff's rights in its copyright of Cat Man Do.

26. Also, for profit, Defendants have sold and are selling goods that are derived from Cat Man Do in breach of contract with Plaintiff.

27. On November 14, 2022, Plaintiff, through legal counsel, sent Defendants a cease-and-desist letter, demanding that Defendants cease-and-desist the use and sales of the infringing work as well as the use and sales of the derivative goods. *See* Exhibit C attached hereto.

28. Defendants acknowledged receipt of the cease-and-desist letter.

29. After receiving the cease-and-desist letter, Defendants have continued to use and sell the infringing work, including by reproducing and distributing it, and have continued to use and sell the derivative goods.

30. On December 7, 2022, Plaintiff, through legal counsel, sent Defendants an email demanding the return of the hardcopy on which Cat Man Do was written. Plaintiff handwrote Can Man Do on paper and provided the paper to Defendant Haney in the year 2013.

31. Plaintiff not only owns the copyright in Cat Man Do and derivative works created therefrom (i.e., the infringing work) but also the object on which Can Man Do is written (i.e., the paper).

32. On December 7, 2022, Defendant Haney responded via email to Plaintiff's counsel's demand for the return of the paper on which Cat Man Do was written and refused to return it.

33. As a result of Defendants' refusal to return the paper to Plaintiff on which Cat Man Do was written, Plaintiff does not have in his possession the work of Cat Man Do.

34. On December 15, 2022, Plaintiff, through legal counsel, submitted an application for copyright registration in the United States Copyright Office for the work Cat Man Do. In the application, Plaintiff requested special relief because he does not have in his possession the work Cat Man Do – the work is in the possession of the Defendants.

35. On December 16, 2022, the United States Copyright Office denied Plaintiff's request for special relief.

36. On December 19, 2022, the United States Copyright Office issued a decision in the matter, refusing to register the work Cat Man Do. *See* Exhibit D attached hereto.

37. Defendant Haney is an officer and/or director of Defendant SULP.

38. Defendant Haney authorized, directed and/or participated in the infringement committed by Defendant SULP of the work Cat Man Do.

39. Therefore, Defendant Haney is personally liable for the infringement committed by Defendant SULP in the work Cat Man Do.

40. To this day, with full knowledge of their infringement and breach of contract, Defendants continue to use, reproduce, distribute and sell the infringing work and to use and sell derivative goods. Defendants' actions are willful and deliberate.

41. Defendants have and are infringing upon Plaintiff's rights in his copyright and have and are breaching their contract with Plaintiff.

## VII.  CAUSES OF ACTION

### *COUNT ONE: COPYRIGHT INFRINGEMENT*

42. Plaintiff realleges and incorporates by reference the allegations above, as if the same were fully set forth herein.

43. Cat Man Do comprises original and creative material and is fixed in a tangible medium of expression. As a result, Cat Man Do is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

44. Without consent, authorization, approval or license, Defendants copied, published, reproduced, adapted, distributed and/or displayed publicly Plaintiff's Cat Man Do,

material portions thereof, or prepared derivative works, including the infringing work, therefrom and continue to do so to date.

45. Therefore, Defendants have infringed and are infringing upon Plaintiff's rights in his copyright of Cat Man Do.

46. Defendants' infringement has been knowing and willful.

47. By this unlawful copying, use, reproduction, display and/or distribution, Defendants have violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

48. Defendants have realized unjust profits, gains and advantages as a result of their infringement and will continue to do so as long as such infringement continues.

49. As a result, Plaintiff is entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

50. Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

51. Furthermore, Plaintiff is entitled to a reimbursement of his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

52. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, irreparable injury to Plaintiff for which such injury cannot fully be compensated or measured in money. Therefore, Plaintiff has no adequate remedy at law. Consequently, pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction, prohibiting Defendants from further infringing upon his rights in his copyright and his exclusive rights therein.

53. Further, as a result of Defendants' willful, and continuing, infringement, of Plaintiff's copyright in the work, pursuant to 17 U.S.C. § 503(a), Plaintiff requests that the Court

order the impounding of all copies or phonorecords claimed to have been made or used in violation of the exclusive rights of Plaintiff's copyright and of records documenting the manufacture, sale or receipt of things involved in any such violation.

### COUNT TWO: BREACH OF CONTRACT

54. Plaintiff realleges and incorporates by reference the allegations above, as if the same were fully set forth herein.

55. Based upon the foregoing factual allegations, Plaintiff entered into a valid and enforceable contract with Defendants. Plaintiff sought to perform his contractual obligation, and yet Defendants breached the contract by failing to perform under terms of the contract as set forth above. Defendants' breach has caused Plaintiff's injuries and reasonably foreseeable damages.

### COUNT THREE: CONVERSION

56. Plaintiff realleges and incorporates by reference the allegations above, as if the same were fully set forth herein.

57. Plaintiff owns the tangible object embodying the work of Cat Man Do (i.e., the paper on which the work was written).

58. Plaintiff provided the object to Defendants to facilitate the publication of the work.

59. Plaintiff has demanded the return of the object, and Defendants have refused to return it.

60. Defendants have wrongly exercised dominion and control over the object in an unlawful and unauthorized manner, to the exclusion and inconsistent with Plaintiff's rights.

61. Defendants' conduct has been and is malicious and willful.

62. Therefore, Defendants' have committed theft by conversion.

63. Plaintiff is entitled to actual damages, exemplary damages and an injunction ordering the return of the object.

### COUNT FOUR: TEXAS THEFT LIABILTY ACT

64. Plaintiff realleges and incorporates by reference the allegations above, as if the same were fully set forth herein.

65. Plaintiff owns the tangible object embodying the work of Cat Man Do (i.e., the paper on which the work was written).

66. Plaintiff provided the object to Defendants to facilitate the publication of the work.

67. Plaintiff has demanded the return of the object, and Defendants have refused to return it.

68. Defendants have committed civil theft, as defined by the Penal Code. Tex. Civ. Prac. & Rem. Code §134.001-005.

69. Defendants have unlawfully appropriated Plaintiff's property.

70. Section 31.03(a) of the Texas Penal Code states, in part, that "a person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property."

71. Plaintiff had and has a possessory right to the object. Defendants unlawfully appropriated property in violation of the Texas Penal Code. Plaintiff has sustained damages as a result of the theft.

72. Therefore, Plaintiff is entitled to actual damages, statutory damages, court costs and his reasonable and necessary attorneys' fees. *Id*. at § 134.005.

## VIII.  DAMAGES

73. As a result of the Defendants' actions, Plaintiff has incurred and/or will incur the following damages:

   A. Reasonable and necessary attorneys' fees and costs in the proceedings before this court, and those fees required for any appeal to the Court of Appeals, and thereafter to the Supreme Court.

   B. The loss of profits and any other actual damages sustained by Plaintiff due to Defendants' unlawful conduct;

   C. Defendants' profits unjustly received due to Defendants' unlawful conduct;

   D. Lack of reasonable royalties; and

   E. Statutory damages.

## IX.  DEMAND FOR JURY

74. Plaintiff requests a jury trial of all issues in this action so triable.

## X.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for entry of a judgment, ordering and declaring:

   1. that, preliminarily pending trial of this action and permanently thereafter, Defendants and their agents, servants, employees, successors, licensees, and assignees, and all persons, firms, entities, partners, corporations or associates in active concert or participation with Defendants, are preliminarily and thereafter permanently enjoined from doing, threatening, or attempting to do or cause to be done, either directly or indirectly, by any means, method or device, any of the following acts:

    a. in whole or in part, infringing, using, selling, offering to sell, publishing, reproducing, copying, distributing, performing or displaying Plaintiff's work Cat Man Do, including any derivative work created therefrom, such as the work Katmandoo;

2. that Defendants have violated the Copyright Act, 17 U.S.C. § 101, *et seq.*;

3. that Defendants breached their contract with Plaintiff;

4. that Defendants committed theft by conversion;

5. that Defendants violated the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.001, *et. seq.*

6. that an Order of Impoundment be entered pursuant to 17 U.S.C. § 503(a) directing the United States Marshal for the Northern District of Texas to impound from Defendants, and each of their officers, employees, agents, attorneys, and representatives, and all other persons, firms, or corporations in active concert or privity or in participation with Defendants, all products, advertisements, promotional materials, packaging, and other items in their possession or under their control bearing Plaintiff's copyrighted work in the work Cat Man Do, including any derivative work created therefrom, such as the work Katmandoo;

7. that Defendants return to Plaintiff the object on which his work, Cat Man Do, was affixed;

8. that Defendants account for all profits derived by them from their infringement of Plaintiff's work Cat Man Do and for an order of restitution of the entire amount of those profits, in amounts to be proven at trial, to Plaintiff;

9. an assessment of (a) actual damages, plus the amount of Defendants' profit attributable to the infringement, or in the alternative, an assessment of statutory damages, as authorized by 17 U.S.C. § 504(c) in an amount no less than $150,000, and (b) additional damages as authorized by 17 U.S.C. § 504(c) for Defendants' willful and knowing infringement of Plaintiff's work Cat Man Do;

10. an assessment of actual damages, statutory damages, court costs and attorneys' fees as a result of the theft committed by Defendants;

11. that Defendants pay all of Plaintiff's attorneys' fees, costs and disbursements incurred in this suit;

12. that Defendants pay exemplary or punitive damages to the extent available under, and according to, law;

13. that Defendants have willfully and deliberately committed copyright infringement against Plaintiff;

14. that Defendant committed theft with malice;

15. that Defendants be ordered to pay interest according to law; and

16. for all such other, further, and different relief that this Court deems just, necessary and proper.

Respectfully submitted,

/s/   *Aaron P. Peacock*
Aaron P. Peacock
State Bar No. 24060399
**PEACOCK LAW FIRM PLLC**
4131 N. Central Expressway, Suite 961
Dallas, Texas 75204
Telephone:  (214) 617-1000
Facsimile:   (214) 617-1010
Email:  apeacock@peacockfirm.com

**ATTORNEY FOR PLAINTIFF**