UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ERNEST JOE COX,**

   Plaintiff,

v.   No. 4:23-cv-0063-P

**SHUT UP AND LAUGH PUBLISHING, LLC,**
**ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's Motion for Default Judgment ("Motion"). ECF No. 12. Having considered the Motion, relevant docket entries, supporting documentation, and the applicable law, the Court concludes that the Motion should be, and it is hereby, **GRANTED**. The Court therefore **ORDERS** that a default judgment be entered against Defendants.

## BACKGROUND

Plaintiff Ernest Joe Cox authored a fictional short story entitled "Cat Man Do" about the life of an anthropomorphic cat. Plaintiff alleges that this work consists of original and creative material fixed in a tangible medium of expression and was, therefore, copyrightable subject matter. Defendant Shut Up & Laugh Publishing, LLC, ("SULP") is a publishing company formed in Texas by Defendant Jennifer Haney, an officer of the company. Plaintiff contracted with Defendants to publish "Cat Man Do" in exchange for 50% of the royalties from sales of the work and any merchandise sold in connection with it. Plaintiff provided the original paper copy of the work to Defendants to facilitate its publishing. Defendants prepared, published, distributed, and sold "Cat Man Do" as well as a derivative work entitled "Katmandoo the Story of Little Buddy as Told by Little Buddy" ("Infringing Work") in electronic and paperback

forms. Defendants also sold merchandise connected to the work, such as "Katmandoo" t-shirts.

Plaintiff alleges that Defendants provided no payments in connection their sale of the Infringing Work. However, Plaintiff also alleges that Defendant continues to reproduce and distribute the Infringing Work for profit and without authorization. Plaintiff sent Defendants a cease-and-desist letter in November 2022, demanding that they stop selling the Infringing Work. But Defendants continued to sell it after acknowledging the letter. In December 2022, Plaintiff demanded the return of the original paper copy of "Cat Man Do," but Defendants refused. Plaintiff alleges that Defendants continue to use, reproduce, distribute, and sell the Infringing Work with full knowledge of their infringement.

Plaintiff sued Defendants for breach of contract, theft by conversion, copyright infringement, and violation of the Texas Theft Liability Act. On January 27, Defendants were served with the lawsuit and the deadline for Defendants' response was February 17, 2023.

On March 13, 2023, Plaintiff requested that the Clerk of the Court enter a default against Defendants, which the Clerk did the same day. Plaintiff filed this motion for default judgment against Defendants. The Court thus considers the motion.

## LEGAL STANDARD

A plaintiff may move for default judgment under Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55(A). Courts use a three-step analysis to determine whether a party can secure a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). *First*, a party must fail to respond or otherwise defend against an action. *Id. Second*, an entry of default must be entered when the default is established by affidavit or otherwise. *Id. Third*, a party must apply to the court for a default judgment after the clerk's entry of default. *Id*.

## ANALYSIS

Plaintiff meets all three requirements to qualify for a default judgment. Defendants failed to answer or otherwise respond against

2

Plaintiff's Complaint. An entry of default was entered by the Clerk of the Court, and the request was properly supported by affidavits. ECF No. 10-2. Plaintiff has applied to the Court for a default judgment after the Clerk's entry of default. ECF No. 12. The decision to enter a default judgement is discretionary, and the Court will resolve any doubt in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In exercising its discretion, the Court should consider whether: (1) default judgment is procedurally warranted; (2) there is a sufficient factual basis in the complaint that would entitle to the plaintiff to judgment, and (3) the specific dollar amount of damages can be determined with mathematical calculation by using information in the pleadings and supporting documents. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court addresses each in turn.

## A. Procedural Requirements

In determining whether a default is procedurally warranted, the Court considers whether: (1) there is an issue of material fact; (2) substantial prejudice is present; (3) proper grounds for default are clearly established; (4) the defaulting party made a good faith mistake or committed excusable neglect; (5) default judgment would be a harsh remedial measure; and (6) the Court would feel obligated to set aside default upon a defendant's motion. *Davis v. Parkhill-Goodloe Co., Inc.*, 302 F.2d 489, 495 (5th Cir. 1962).

*First*, Plaintiff filed a well-pleaded complaint alleging facts that raise a right to relief. Because Defendants have failed to answer or otherwise respond, they admit Plaintiff's non-conclusory allegations, except those relating to the amount of damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n. 29 (5th. 2002). *Second,* Defendants' failure to answer or otherwise respond to the complaint brought the adversarial process to a halt, causing substantial prejudice to Plaintiff and his claims. Defendants have had ample opportunity to answer or otherwise respond and, in fact, have indicated their intent to not answer. There is no substantial prejudice present. *Third*, Defendants' continued failure to participate in this litigation establishes the requisite grounds for

default. *Fourth,* there is no reason to believe that Defendants are acting under a good-faith mistake or excusable neglect. This is particularly true because they have indicated that they are not willing to engage with the lawsuit. *Fifth*, a default judgment is not harsh because it is the exact procedural device that is necessary for the Court to maintain the efficiency of its docket. *See Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990). Plaintiff properly served Defendants, Defendants have failed to appear, and Defendants are in default. Such circumstances warrant a default judgment under Rule 55(b)(2). *Sixth*, nothing in the record suggests that Court would set aside its putative default against Defendants if they were to move for such relief.

Based on these factors, the Court concludes that a default judgment is procedurally warranted.

## B. Entitlement to Judgement

The Court next assesses whether the factual content of the pleadings provide a sufficient basis for default judgment. *See Lindsey*, 161 F.3d at 886. Although defendants in default are considered to have conceded the allegations stated in the plaintiff's complaint upon entry of default, the Court must evaluate the pleadings to ensure the sufficiency of the complaint. *Nishimatsu Const. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1201 (5th Cir. 1975).

In the Fifth Circuit, district courts refer to Federal Rule of Civil Procedure 8 to determine the adequacy of pleadings. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (recognizing that a pleading complying with Rule 8 is sufficient for default judgment under Rule 55). Under Rule 8(a)(2), a pleading must provide a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(A)(2). The pleadings must ultimately give Defendants sufficient notice of the claims alleged against them and their underlying bases. *Wooten*, 788 F.3d at 498. While the factual allegations need not be exhaustive, they must raise a right to relief beyond mere speculation and offer more than unsubstantiated accusations. *Id*.

4

Plaintiff contends he is entitled to relief because of Defendants' infringement of his copyrighted original work "Cat Man Do." A defendant may be held liable for copyright infringement either directly or secondarily. *UMG Recordings, Inc. v. Grande Commc'ns Networks*, LLC, No. A-17-CA-365-LY, 2018 WL 1096871, at *2 (W.D. Tex. Feb. 28, 2018). Plaintiff only alleges Defendants directly infringed his work. To establish direct infringement, a plaintiff must demonstrate: (1) legal ownership of a valid copyright; and (2) copying of the copyrighted material that contains substantial similarity between the copyrighted work and the alleged infringing work. *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020).

As to the first element, Plaintiff owns a valid copyright in "Cat Man Do." Valid Copyright ownership exists when the work is original, a work of authorship, and is fixed in any tangible medium of expression. *See* 17 U.S.C. § 102(a). Plaintiff authored the fictional story "Cat Man Do," depicting a tale of an anthropomorphic cat. It contains original and creative content that has been fixed in a tangible medium of expression (i.e., a novel). Plaintiff has thus satisfied the first prong of copyright infringement by proving his ownership of a copyright for "Cat Man Do."

To establish copying, Plaintiff must allege that Defendants had access to the material and that there is a substantial similarity between the two works. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Plaintiff shows that Defendants accessed, copied, and publicly sold their derivative work "Katmandoo" on their website. ECF No. 13 at 17. Further, Plaintiff also proves that substantial similarity exists through Defendants' copying of Plaintiff's story with a slightly altered title of the book. Thus, Plaintiff has sufficiently pled ownership and copying.

Since Plaintiff has proven these two elements, the Court determines that he has pled enough factual content to determine that he is entitled to a default judgment as to Defendants' liability for copyright infringement.

## C. Entitlement to Damages

The Copyright Act confers broad discretion to district courts in determining which form of recovery is more equitable—one based on actual damages and profits, or one based on a reasonable estimate of damages within the boundaries of the statute. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 224–25 (1952). In other words, the district court's conception of what is fair given the totality of circumstances serves as a framework for the damages awarded. *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106–07 (1919).

1. <u>Statutory Damages</u>

Plaintiff has chosen to pursue statutory damages rather than actual damages. As authorized by 17 U.S.C. § 504(c)(1), the Court has the power to award statutory damages of "not less than $750 or more than $30,000 as the court considers just" for each infringed work. *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th Cir. 1992).

Furthermore, the Court may increase this amount up to $150,000 per infringed work if it determines that a defendant acted willfully. *See* 17 U.S.C. § 504(c)(2). A defendant has acted willfully if it knowingly engaged in the infringing conduct. *Id.*

Although a district court has the discretion to decide whether to hold an evidentiary hearing to determine damages, it is not necessary when the amount claimed is a liquidated sum or is capable of mathematical calculation. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Statutory damages are intended to compensate for profits or injuries and discourage wrongful conduct. *Mouse On Tha Track LLC v. Parg Mgmt, LLC*, No. 3:18-CV-2980-S-BH, 2019 WL 6970946, at *7 (N.D. Tex. Nov. 13, 2019) (Ramirez, Mag. J.), *report and recommendation adopted*, 2019 WL 6915726 (N.D. Tex. Dec. 18, 2019) (Scholer, J.).

Plaintiff seeks the maximum statutory damages of $150,000. ECF No. at 17–18. Plaintiff bases this on the fact that Defendants have not appeared in this action and asks the Court to grant the maximum relief available without holding a hearing. But an award of the cap on statutory damages available is excessive given the facts here. Thus, the Court concludes that Plaintiff is entitled to **$10,000** of total relief. This

amount is representative of Plaintiff's statutory damages award, but not his requested attorneys' fees since he did not provide proper documentation supporting his request in his Motion. *Id.* at 20. The amount is sufficient but not greater than necessary to discourage Defendants' infringing conduct while providing Plaintiff with sufficient compensation for his injuries. Also, because it provides sufficient relief, the Court chooses not to award statutory damages under the Texas Theft Liability Act, or his additional request for attorneys' fees.

2. Injunctive Relief

To obtain injunctive relief, the movant must prove four elements: (1) likelihood of success on the merits; (2) irreparable injury absent the injunction; (3) the harm suffered outweighs any harm the opposing party may experience from the injunction; and (4) the injunction will not impair public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000).

Plaintiff proves his case on all four factors: (1) enough factual content is present to infer that Plaintiff would succeed on the merits; (2) Plaintiff would continue to suffer financial harm if his copyrightable material continues to be sold, along with harm to his interest in his intellectual property; (3) Defendants will suffer no harm because the copyrightable material was never their own; (4) an injunction would further the public's interest in the integrity and security of copyrighted material.

## CONCLUSION

For all these reasons, the Court **GRANTS** Plaintiff's Motion for Default (ECF No. 12) and awards **$10,000** of statutory damages to Plaintiff.

The Court further **ORDERS** that Defendants are permanently enjoined from continuing their infringing use of "Cat Man Do," "Katmandoo," or any material associated with Plaintiff's intellectual property. The Court also **ORDERS** Defendants to return Plaintiff's original paper copy of "Cat Man Do" to him **within thirty days** of the entry date of this Order.

**SO ORDERED** on this **7th day of August 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE